IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:23-cr-00231-1

| UNITED STATES OF AMERICA | |
|---|---|
| v. | **DEFENDANT'S TRIAL BRIEF AND MEMORANDUM OF LAW** |
| MARIAN HUDAK | |

NOW COMES Defendant, MARIAN HUDAK by and through his undersigned counsel, and files this trial brief, which includes his motion in limine for the Court's consideration, and states the following in support thereof:

The Defendant references herein, without further argument or restatement, the statement of facts and applicable law presented by the government in its Trial Brief, for the purpose of providing the court with background about the case. (Doc. 44). In his case in chief, Mr. Hudak intends to introduce testimony of Dr. Graney, Psy. D. about his mental diagnosis and symptoms as a "because of reason" for the offense conduct separate from any racial animus. Dr. Graney was previously disclosed to the Government as provided by the Court's rules and Rules of Criminal Procedure, and such disclosure are incorporated herein. (Doc. 38).

### I. Evidence of "Racial" Relics and Expert Should Be Excluded

The Government seeks to admit evidence of Mr. Hudak's possession of Nazi and Ku Klux Kan flags and other alleged racist materials. (Doc. 33). The Government describes this category of evidence as "racially charged paraphernalia". The items are

identified as swastika flags and patch, Iron Cross rings, Confederate flags, and a comic book, which were found in Mr. Hudak's closet at his home [hereinafter "Relics"]. The Government also seeks to admit testimony from expert Whitney Orndorff that such Relics are racist. (Doc.41). Mr. Hudak seeks to exclude this evidence at trial.

The Relics sought to be introduced by the government are old. They survive from an earlier time in history and their meaning has changed over time. They have historical significance, but their sentimental interest varies among people and cultures around the world.

Under Rule 702, expert testimony about the Relics ought to be excluded. A lay person is able to use their common sense and experience to evaluate the meaning of these objects in the context of the case, without aid or resort to someone with specialized education or training. See *Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 436 (4th Cir. 2013) (for some people the Confederate flag is "a symbolic acknowledgment of pride in Southern heritage and ideals of independence."). Expert testimony is not required and, if allowed, would invite a battle of experts as to what these symbols mean. *Id*. at 1248, citing *Scott v. Sch. Bd. of Alachua Cnty*., 324 F.3d 1246, 1249 (11th Cir. 2003) (experts were prepared to testify that the flag means different things to different people). Even if permitted by a rule of evidence, the Relics ought to be excluded under Rule 403 because the limited probative value of the evidence is substantially outweighed by a danger of one or more of the following:

2

unfair prejudice, misleading the jury, undue delay, wasting time or needless presenting cumulative evidence.

The Government would likely concede that the probative value of the Relics evidence is low and cumulative compared to the numerous alleged incidences showing racial animus. The meaning of the Relics is ambiguous and confusing, and it could be that they have value to a collector of memorabilia, apart from any racial animus. Finally, the Relics may unfairly create an impression with the jury that Mr. Hudak is part of a white-supremacy group, when there is no foundation to support this allegation. For these reasons, Mr. Hudak seeks to exclude the Relics and expert testimony about them from evidence at trial.

## II. Evidence of Mr. Hudak's Mental Diagnosis and Symptoms Should Be Admitted

Mr. Hudak seeks to admit, and the Government seeks to exclude (Doc. 43), the expert testimony of Dr. Graney. Dr. Graney's CV and disclosure show that her proffered testimony is within the boundaries of expert testimonies permitted by Rule 702. (Doc. 39-1). There are several rules of evidence that allow this evidence to be considered by the jury.

The evidence is relevant to an issue in the case. Rule 401, Fed. R. Evid. An issue in this case is whether Mr. Hudak committed the offenses because of the victims' race, color, or national origin. The testimony offered will show that the offense conduct is consistent with the diagnosis and symptoms of his serious mental

3

diagnosis, separate from any racial animus. Relevant evidence is admissibility. Rule 402, Fed. R. Evid.

In addition to relevancy, opinion evidence of a defendant's character trait is admissible to show conformity with that trait. Rule 404(a)(2)(A), Rule 405, Fed. R. Evid. A character trait may be used to show motive, intent and absence of mistake or accident. Rule 404(b)(2), Fed. R. Evid. Evidence of habit may be used to prove a person acted in accordance with his habit. Rule 406, Fed. R. Evid. All of these rules allow for evidence of the admission of the medical diagnosis and symptoms as a reason for the offense conduct, separate from any racial animus.

Moreover, Mr. Hudak's evidence does not run afoul of Rule 704(b) because it is not intended to show that Mr. Hudak lacked control or was unaware of the consequences of his actions. Instead, it is admitted to show that there was another "because of reason" to engage in the offense conduct other than "hate". For this reason, Mr. Hudak has not requested an insanity jury instruction at this time.

4

## CONCLUSION

For the reasons stated herein, the Court should exclude the government's evidence and expert testimony about Relics and allow defendant's evidence of Dr. Graney's testimony for the purpose of showing that Mr. Hudak's offense conduct was in conformity with his mental diagnosis and symptoms, rather than for a racial purpose.

This the 15 day of December 2023.

/s Eugene E. Lester III
Eugene E. Lester III (NC Bar 23255)
Lester Law
400 Bellemeade Street, Suite 702
Greensboro, North Carolina 27401
Phone: (336) 522-6853
Email: elester@lesterlawgroup.com

OF COUNSEL:
Lester Law
400 Bellemeade St., Suite 702
Greensboro, North Carolina 27401
Telephone: (336) 522-6850

## *CERTIFICATE OF SERVICE*

I hereby certify that the foregoing was served upon the parties to this action by filing through the CM/ECF filing system, which will send notification of this filing to the following counsel of record, and by email:

ASHLEY E. WAID
UNITED STATES ATTORNEY'S OFFICE
101 SOUTH EDGEWORTH STREET, SUITE 400
GREENSBORO, NC 27401
336-332-6323
Email: ashley.waid@usdoj.gov

JOANNA G. MCFADDEN
U. S. ATTORNEY'S OFFICE - MDNC
101 S. EDGEWORTH ST., 4TH FLOOR
GREENSBORO, NC 27401
336-332-6362
Fax: 336-333-5381
Email: joanna.mcfadden@usdoj.gov

DANIEL GRUNERT
DOJ-CRT
950 PENNSYLVANIA AVE NW
WASHINGTON, DC 20530
202-532-3805
Email: daniel.grunert@usdoj.gov

This the 15 day of December 2023.

/s Eugene E. Lester III
Eugene E. Lester III (NC Bar 23255)
Lester Law
400 Bellemeade Street, Suite 702
Greensboro, North Carolina 27401
Phone: (336) 522-6853
Email: elester@lesterlawgroup.com

OF COUNSEL:
Lester Law
400 Bellemeade Street, Suite 702
Greensboro, North Carolina 27401
Phone: (336) 522-6850

6